1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   NAZARETH RONDINELLI,                          CASE NO. 09cv31 WQH (RBB)

12                              Plaintiff,         **ORDER**
           vs.
13   MICHAEL J. ASTRUE, Commissioner of
     Social Security
14
                              Defendant.
15

16   HAYES, Judge:

17        The matters before the Court are the Cross Motions for Summary Judgment filed by

18   Plaintiff Nazareth Rondinelli (Doc. #12) and Defendant Michael J. Astrue, Commissioner of

19   Social Security (Doc. # 15), and the Report and Recommendation issued by the Magistrate

20   Judge (Doc. # 18).

21                              **BACKGROUND**

22        Plaintiff was insured through Social Security through December 31, 2000 and must

23   therefore establish disability before this date to be eligible for benefits.  *See* AR at 23.[1]

24   Plaintiff initially sought disability benefits on December 9, 2004.  at 22.  Plaintiff's first

25   application was denied on February 11, 2005.  *Id.*  Plaintiff did not appeal that decision.  *Id.*

26

27   ─────────────────

28        [1] The Administrative Record is available electronically on the docket at Docs. # 8
     through 8-7.  Citations are to the consecutive pagination in the upper right hand corner of each
     page.

On January 30, 2006, Plaintiff applied for benefits again.  *Id.*  This second application was additionally dismissed by the Administrative Law Judge ("ALJ") due to *res judicata*.  *Id.* at 77.  In the order dismissing the case, the ALJ stated that Plaintiff had not submitted any new evidence and had not established good cause for reopening his application.  *Id.*  The Appeals Council reversed the ALJ's determination on December 5, 2007, finding

> [A]dditional evidence provides further information regarding the severity of claimant's impairments during the relevant period.  The additional evidence includes a December 12, 2000 discogram that was positive for discogenic pain at L2-3.  The evidence indicates that claimant continued to be treated for back pain and that, when conservative measures were not successful in controlling his pain, he underwent a third back surgery shortly after his date last insured.  Therefore, a remand is appropriate so that the Administrative Law Judge can issue a decision on the merits.

*Id.* at 113.  On remand, the ALJ held a hearing on April 18, 2008 and issued a written decision denying benefits on May 13, 2008.  *Id.* at 22-29.  On June 25, 2008, the Appeals Council upheld the ALJ's decision denying benefits. *Id.* at 12-14.

On January 8, 2009, Plaintiff filed a Complaint for Judicial Review and Remedy on Administrative Decision pursuant to the Social Security Act.  (Doc. # 1).  On October 7, 2008, Plaintiff filed his Motion for Summary Judgment.  (Doc. # 12).  On December 28, 2010, Defendant filed his Cross Motion for Summary Judgment and a Response in Opposition to Plaintiff's Motion for Summary Judgment. (Docs. # 15–16).  On May 20, 2010, the Magistrate Judge issued his Report and Recommendation recommending that the Court grant in part and deny in part Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment.  (Doc. # 18).  The R&R recommends that the Court remand the case to the ALJ to "explain how Plaintiff's residual functional capacity would allow him to perform work classified as 'light' [and reconcile this opinion with the ALJ's finding that Plaintiff had a semi-sedentary residual functional capacity] and explain his reasons for rejecting Dr. Van Dam's opinions contained in the agreed medical evaluation addendum and correspondence dated January 2, 15, and 26, 2001." *Id.* at 19, 43–44.  The R&R allows any party to file written objections on or before June 3, 2010.  *Id.* at 44. Neither party filed objections to the R&R.

**STANDARD OF REVIEW**

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*. (citation omitted).

**DISCUSSION**

The Court has reviewed the R&R in its entirety. The Court concludes that the Magistrate Judge correctly determined that the case should be remanded to the ALJ to allow the ALJ to explain how Plaintiff's residual functional capacity would allow him to perform light work and to explain his reasoning in rejecting Dr. Van Dam's opinions. The Court concludes the Magistrate Judge correctly determined that the ALJ "may consider including Van Dam's [] medical evaluation, dated November 27, 2000, in the analysis." *See* Doc. # 18 at 38. The Court concludes the Magistrate Judge correctly determined that the ALJ gave "clear and specific reasons" for making his negative credibility finding. *See* Doc. # 18 at 40. The ALJ specifically relied on the following factors: (1) Plaintiff "does not need any assistive devices to ambulate;" (2) "[t]he record does not show that the claimant requires any special accommodations (e.g., special breaks . . .) to relieve his pain or other symptoms;" (3) Plaintiff "does not exhibit any significant disuse muscle atrophy, loss of strength, or difficulty moving that are indicative of severe or disabling pain;" (4) "the objective evidence shows that the medications have been relatively effective in controlling the claimant's symptoms" and "the

1  claimant has not alleged any side effects from the use of medications;" and (5) "[t]here is no

2  evidence of sleep deprivation due to pain."  AR at 25-26.

3    While these findings are specific, on remand, the ALJ should reconsider whether these

4  findings are consistent with evidence in the record that pain medication does not relieve

5  Plaintiff's pain (AR 145-146, 510, 514-18); Plaintiff uses "different back braces" (AR 146,

6  512); Plaintiff must "pace himself to 10 min each task," cannot drive more than 20 minutes,

7  sit for more than 10-15 minutes, stand for more than 10-15 minutes (AR 146-47, AR 170); has

8  difficulty finishing housework or other chores because he cannot work more than 15-30

9  minutes (AR 171); sleeps 5-6 hours a night, but slept 2-3 hours per night before he had a sleep

10 number bed which was prescribed by a doctor (AR 171, 585, 603, 702-03); takes Ambien to

11 sleep (AR 171, 302); has lost 89% of his lift capacity (AR 287) and has decreased strength in

12 his hips (AR 519); has had such serious issues with painkillers that doctors recommended

13 "inpatient detoxification" (AR 601-02, 621-22, 650, 652, 657); and has difficulty thinking

14 while taking narcotics (AR 656).

15   IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation

16 (Doc. # 18) is adopted in its entirety.  Plaintiff's Motion for Summary Judgment (Doc. #12)

17 is **GRANTED IN PART and DENIED IN PART.**  Defendant's Cross Motion for Summary

18 Judgment (Doc. # 15) is **GRANTED IN PART and DENIED IN PART.**  The Court

19 **remands in part** to the Social Security Administration for further administrative proceedings

20 consistent with the Report and Recommendation and with this order.

21 DATED:  August 30, 2010

22          _William Q. Hayes_

23          **WILLIAM Q. HAYES**
          United States District Judge

24

25

26

27

28